UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SPONSOR, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>ALEJANDRO N. MAYORKAS, Secretary, U.S. Department of Homeland Security, *et al.*,<br><br>　　Defendants. | Civil Action No. 23-712 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs are members of a family of Afghan nationals, some of whom remain in hiding in Pakistan. See ECF No. 2 (Complaint), ¶ 1. They have moved to proceed under pseudonyms in this proposed class action challenging the actions of several Government Defendants in denying their humanitarian parole applications. See id. They contend that in light of several factors, including one Plaintiff's extensive work on behalf of the United States and all Plaintiffs' minority status, revealing their identities in this action will "increase the risk of threats and violent attacks against them and their families" in Pakistan at the hands of individuals and "extremists and terrorist groups hostile to the United States." ECF No. 3 (Motion for Leave to Use a Pseudonym) at 1–2. And they represent that the United States does not oppose their Motion at this time. See ECF No. 4 (Addendum to Motion) at 1.

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"). To the

1

extent that an attachment to Plaintiffs' Motion indicates that they also seek a protective order, see ECF No. 3-2 (Exhibits to Motion) at 2, this Opinion does not address such a request and does not preclude them from raising it in the future before the assigned judge.

## I.     Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1.  That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors:"

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.    Analysis**

At this early stage, Plaintiffs have met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.

First, as the Complaint makes clear, Plaintiffs do not seek to proceed under pseudonyms "merely to avoid the annoyance and criticism that may attend litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  One Plaintiff identifies the "many threats" he has already received "by fellow Afghans" on account of his work on behalf of the United States Government, including "threatening phone calls and messages at his door." Mot. at 4; see Compl., ¶¶ 16–17; Exhibits to Mot. at 14–15 (supporting affidavit). Plaintiffs also allege that a terrorist group has previously used the family's identification information to issue specific threats that drove them from their home. See Compl., ¶¶ 22–24, 26; Exhibits to Mot. at 23, 28 (supporting affidavits). Their interest is not in avoiding annoyance, but in maintaining their and their family members' safety.

Second, and for similar reasons, Plaintiffs have sufficiently alleged that disclosure of their identities "poses a risk of retaliatory physical or mental harm" to them and "to innocent non-parties," including members of their communities. See In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97); Exhibits to Mot. at 19–20, 24, 28.

The third factor, "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97), weighs partially in Plaintiffs' favor.  Three are minor children who share a heightened interest in protecting their identities. See Compl., ¶¶ 2, 11; Fed. R. Civ. P. 5.2(a) (requiring redaction of minors' full names).  The remaining Plaintiffs share that interest, as revealing their identities

risks effectively revealing the minors' identities, too. Cf. Eley v. District of Columbia, No. 16-806, 2016 WL 6267951, at *2 (D.D.C. Oct. 25, 2016) ("[U]nless the parent or guardian is granted anonymity, the child's identity would effectively be revealed in the court filing through a combination of the name of the parent or guardian and the child's initials.").

The fourth factor weighs against granting Plaintiffs' Motion, as "there is a heightened public interest when an individual or entity files a suit against the government," particularly in a manner that may "alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward." In re Sealed Case, 971 F.3d at 329. Here, although the suit challenges the denial of a specific set of parole applications, it implicates the more broadly applicable Administrative Procedure Act and the Fourteenth Amendment to the United States Constitution. See Compl., ¶¶ 78–109.

Fifth, Defendants would suffer no "risk of unfairness" if Plaintiffs' Motion were granted. In re Sealed Case, 971 F.3d at 326 n.1. Plaintiffs have offered to privately identify themselves to the Government Defendants in this action. See Mot. at 11. And upon the filing of the pseudonymous Complaint, Defendants remain free to request the disclosure of any information they deem necessary to the full and fair defense of the case, and Plaintiffs remain free to object.

In sum, although the fourth factor tips toward disclosure, all remaining ones highlight Plaintiffs' "legitimate interest in anonymity" at this early stage, especially in light of the severe and serious threats they face abroad. In re Sealed Case, 931 F.3d at 96.

The Court accordingly ORDERS that:

1. Plaintiffs' Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly

assigned, and Plaintiffs may proceed with the case using the pseudonyms listed in the Complaint;

2. Defendants are prohibited from publicly disclosing Plaintiffs' identities or any personal identifying information that could lead to the identification of Plaintiffs by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response; and

3. Plaintiffs must file, *ex parte* and under seal, within ten days of this Order, a declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  March 22, 2023